I concur in the result of the main opinion; however, I write briefly to explain why I disagree, in part, with the rationale of that opinion.
The main opinion finds error in the failure of the court to instruct the jury "on a culpable mental state" and also appears to conclude that the indictment was fatally flawed because it "did not describe a necessary culpable mental state." 816 So.2d at 109. I do not agree that the indictment was flawed.
The Alabama Rules of Criminal Procedure govern the form and content of indictments. Rule 13.2(a), Ala.R.Crim.P., provides:
 "The indictment . . . shall be a plain, concise statement of the charge in *Page 110 
 ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment."
The appellate courts of this State have held that an indictment is sufficient if it conforms to the language of the statute on which it is based. See Ex parte Harper, 594 So.2d 1181 (Ala. 1991); Inmon v. State,585 So.2d 261 (Ala.Crim.App. 1991); see also 1 Hugh Maddox, Alabama Rulesof Criminal Procedure § 13.0 at 427 (3d ed. 1999).
The main opinion considers the "`Use Note on Mens Rea Element' that accompanies the Alabama pattern jury instruction applicable to § 32-5A-192," 816 So.2d at 107, and apparently concludes that the word "unintentionally," appearing in § 32-5A-192, Ala. Code 1975, encompasses the "knowing," "reckless," and "negligent" mens rea elements. I agree with that conclusion.
I believe the indictment conformed to the language of the statute by charging that the defendant had "unintentionally" caused the death of the victim.[15] Therefore, I believe the indictment was sufficient to "inform [the] defendant . . . of the offense charged." Rule 13.2(a), Ala.R.Crim.P.
Nonetheless, I concur in the result, because I agree with this conclusion in the main opinion: "Because Edwards was acquitted of both manslaughter (ruling out recklessness) and criminal negligence, the court should have granted Edwards's postjudgment motion for a judgment of acquittal." 816 So.2d at 109.
[15] The indictment stated:
 "The Grand Jury of Covington County charges that before the finding of this indictment, [the defendant] . . . did unlawfully and unintentionally cause the death of another person, to-wit: George E. Kilcrease, while engaged in the violation of a state law . . . applying to the operation or use of a vehicle or to the regulation of traffic, to-wit: passing in a no passing zone and/or speeding, and such violation was the proximate cause of the death of George E. Kilcrease, in violation of Title 32-5A-192 of the Code of Alabama, 1975, and as last amended, against the peace and dignity of the State of Alabama."
(C.R. at 1.) (Emphasis added.)